CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 31, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKEY LEE DEEL, ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv00283 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| BRIDGETT McGROW, et al., ) | By: Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Rickey Lee Deel, a defendant awaiting trial in Buchanan County Circuit Court, filed a civil rights action in May 2023 under 42 U.S.C. § 1983, alleging that the defendants have violated various constitutional rights in connection with his ongoing prosecution for two felonies in Buchanan County Circuit Court. In particular, he alleges that they have:

- Violated his Fifth Amendment right to remain silent;

- Violated his Sixth Amendment rights to counsel and to a fair and speedy trial;

- Violated his right to due process by fabricating evidence against him and withholding exculpatory evidence;

- Conspired to falsely arrest and maliciously prosecute him;

- Intentionally inflicted severe emotional distress on him, in violation of his Eighth Amendment rights; and

- Acted negligently in prosecuting him.

Upon review of the complaint pursuant to 28 U.S.C. § 1915A, I will dismiss the complaint for failing to state a cause of action for which relief may be granted at this time.

I. **BACKGROUND**

According to the Complaint, on or about March 1, 2022, defendant McGrow went to Deel's residence to question him. He states that she used fear to make him answer her questions,

and she did not advise him of his right to remain silent or to have an attorney present. Thereafter, on or about May 1, 2022, McGrow called Buchanan investigator, defendant St. Clair, "and with a false report conspired to fasley (sic) arrest." This led to the questioning of Deel's minor daughter by either McGrow or St. Clair; it is unclear from the complaint which person questioned Deel's daughter. McGrow and St. Clair then allegedly conspired with Pebbles Burgess [apparently the Deputy Commonwealth's Attorney in Buchanan County] to use false statements to charge him with eight crimes, one for each year. On June 4, 2022, he was arrested and held without bond.

McGrow allegedly intimidated a witness on September 9, 2022, by using another case, causing that witness to "terminate" off Deel's case. On January 4, 2023, the Commonwealth nolle prossed[1] seven of the charges and proceeded on one charge, asking the General District Court Judge to allow amendment of the offense date from May 5, 2017, to May 5, 2018. The court allowed the amendment and still denied bond to Deel.

On or about January 9, 2023, the grand jury indicted Deel on two charges. Deel states that the wording and date on the indictments "had been changed" by St. Clair and Burgess. According to the Virginia Courts Case Information System, he was indicted for sodomy of a victim under age 13 and custodian sexual abuse, occurring on May 4, 2017. Deel alleges that Burgess is withholding a new report that shows he is innocent, yet the court again denied him bond on March 29, 2023. At the time Deel filed this lawsuit in late May 2023, he remained in custody at the Abingdon Regional Jail, and his trial was scheduled for September 18, 2023.

---

[1] "Nolle pros," a shortened form of the Latin phrase "nolle prosequi," refers to the Commonwealth's decision to drop charges, without prejudice to refiling them at a later date.

According to the Virginia Courts Case Information system, Deel was released on bond in July 2023. The trial date has been continued more than once and is currently scheduled for August 29, 2024.

## II. DISCUSSION

A litigant may seek recourse under 42 U.S.C. § 1983 when a person acting under color of state law has violated his rights under the Constitution or laws of the United States. When such an action is filed by a prisoner, the court must screen the complaint to determine if it states claims for which relief may be granted or seeks relief against a defendant who is immune from suit. 28 U.S.C. § 1915A. The court accepts facts alleged as true, but legal conclusions, labels, and conclusory claims are not facts; if the complaint lacks factual detail to support the conclusions asserted, then the complaint fails to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### A. Immunity

Although Deel did not identify the specific capacity of Peebles Burgess in his Complaint, it appears that she is the prosecuting attorney in the pending case against Deel. Prosecutors enjoy absolute immunity for conduct performed in their duties as an advocate for the state, including "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). Deel alleges that Burgess "conspired to use a falsified statement to bring charges" against him (Compl. at 4) and withholds a report that is evidence of his innocence. *Id.* at 5. Those are conclusory allegations, providing no factual corroboration of an agreement between the defendants to use "a falsified statement." Indeed, the complaint does not allege what statement was used, by whom it was made, or how it had been falsified. Likewise, he does not identify the "report" or how it is exculpatory.

The remaining allegations are (1) that he was arrested on eight charges and held without bond despite multiple bond hearings; (2) the prosecutor amended the date on one charge after dropping seven charges; (3) the prosecutor continued to object to bond; (4) the prosecution then obtained an indictment on two charges (not one) on a different date; and (5) his trial date has been set beyond the statutory speedy trial limit.  All these activities are within the scope of a prosecutor's duties as an advocate, evaluating evidence assembled by police and preparing/ presenting evidence to the court at bond hearings and to the grand jury.  Burgess is entitled to absolute immunity for these activities as a matter of law.  Deel has failed to state any other claim against Burgess on which he could be entitled to relief.

**B. Fifth Amendment Rights**

Deel claims that McGrow violated his right to remain silent by questioning him, in his home, without advising him of his right to remain silent or to have an attorney present.  A law enforcement officer is required to advise a suspect of these rights only during custodial interrogation.  *United States v. Leshuk*, 65 F.3d 1105, 1108 (4th Cir. 1995).  A person is in custody if he has been formally arrested or if he is questioned under circumstances in which his freedom of action is curtailed to "the degree associated with a formal arrest."  *Id*.  In this case, Deel was not under arrest, nor was he arrested until two months after his interview with McGrow.  The interview occurred in Deel's home, with only McGrow questioning him.  He has not described any behavior by McGrow that would be considered coercive.  His alleged fear is not sufficient to render the confession involuntary in the absence of any facts showing intimidation, coercion, or deception by McGrow.  *Fare v. Michael C.*, 442 U.S. 707, 726–27 (1979).  He has failed to state a claim for relief under the Fifth Amendment.

4

**C. Sixth Amendment Rights**

Deel claims that the defendants violated his right to an attorney, apparently by questioning him (and later his daughter) without an attorney present. Deel does not allege that he requested an attorney and was not allowed to consult with one; rather, he complains that he was questioned without being advised of his right to any attorney, as discussed in the previous section. He was not on trial when questioned by McGrow, nor was he even in custody. McGrow had no obligation to advise him to get an attorney, and she did nothing to prevent Deel from obtaining one, so there has been no violation of his right to counsel at that stage.

Once court proceedings started, Deel apparently has an attorney. He states in his complaint that "on my last bond hearing my attorney stated that there is new evidence . . . ." So, he has not been denied counsel to assist in defending the charges against him.

Next, Deel claims that he has been denied his right to a fair and speedy trial. Because his trial is still pending, one cannot say that he has been denied a fair trial; he must wait for the trial to occur before he decides that it is unfair. Because a trial date has been set and Deel is now on bond, this court cannot say that his constitutional right to a speedy trial has been violated. (Violation of the state speedy trial statute would not give rise to a valid claim under § 1983, because that statute is not a federal statute or law.) Deel has not alleged the reasons for the continuances in the trial, who requested the continuances, or any other information from which one could evaluate his speedy trial claim. Particularly since the trial is still pending, it would be premature for this court to collaterally decide an issue more appropriately decided in the first place by the court where the trial will be taking place. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971).

**D. Malicious Prosecution and False Arrest Conspiracy**

To prevail in an action for malicious prosecution, a plaintiff must allege and prove that the prosecution was (1) malicious, (2) instituted by the defendants, (3) without probable cause, and terminated favorably to the plaintiff. *Dill v. Kroger Ltd. Partnership I*, 860 S.E.2d 372, 378 (Va. 2021). Termination of the criminal proceeding in favor of the accused is an essential element of the claim. *Heck v. Humphrey*, 512 U.S. 477, 485 (1994). Heck has not alleged—and cannot at this time—favorable termination of the proceeding, because the charges are still pending. If he is convicted, then he cannot maintain a claim for malicious prosecution. To state a valid claim for malicious prosecution, he must allege in his complaint that the charges resolved favorably to him. That cannot be alleged while the criminal charges are still pending, so this claim also fails to state a claim for which relief may be granted.

His claim for false arrest fares no better. False arrest is restraint of liberty with legal justification. When the arrest is made pursuant to a regular and valid arrest warrant, there can be no false arrest. *Dill*, 860 S.E.2d at 380–81. Because he was arrested pursuant to arrest warrants issued by a magistrate, Dill has failed to state a claim for false arrest.

**E. Negligence**

Deel alleges that the defendants acted negligently in prosecuting him. This is not an actionable claim under § 1983. Negligence does not rise to the level of a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that medical negligence is insufficient to state a constitutional claim against prison health care provider).

**F. Remaining Claims**

Deel's remaining claims, withholding exculpatory evidence, fabricating evidence, and intentional infliction of emotional distress, all arise from the criminal case that is still pending in

state court. Applying the *Younger* abstention doctrine, it is appropriate for the federal court to decline to rule on the matter while the state charges are still pending. *Younger*, 401 U.S. at 43.

### III. CONCLUSION

For the reasons stated above, the claims against Pebbles Burgess are **DISMISSED with prejudice** on the grounds of immunity; the claims against McGrow and St. Clair for alleged Fifth Amendment violations, false arrest, and negligence are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted; the claims against McGrow and St. Clair for Due Process violations, Sixth Amendment violations, and malicious prosecution are **DISMISSED without prejudice** to his right to re-file, if appropriate, after resolution of the state proceedings. This matter shall be **STRICKEN** from the docket of this court.

The Clerk shall mail a copy of this Opinion and Order to the *pro se* plaintiff.

Enter:  May 31, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge