CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 17, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKEY LEE DEEL, ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv00283 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| BRIDGETT McGROW, et al., ) | By: Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Rickey Lee Deel, proceeding *pro se*, has filed a motion to reopen this case, which the court construes as a motion for alteration or amendment of, or relief from, its prior judgment docketed at ECF No. 8. For the reasons stated below, the motion will be denied.

Deel initially filed this suit under 42 U.S.C. § 1983, alleging false arrest, malicious prosecution, Fifth Amendment violations, denial of counsel, denial of a fair and speedy trial, due process violations, infliction of severe emotional distress in violation of the Eighth Amendment, and negligence. By opinion and order entered May 31, 2024, the court dismissed all claims against defendant Burgess on the grounds of prosecutorial immunity; the claims for Fifth Amendment violations, denial of counsel, false arrest, and negligence were dismissed with prejudice for failure to state a claim for which relief may be granted. ECF No. 6. The remaining claims for fair and speedy trial violations, due process violations, Eighth Amendment violation, and malicious prosecution were dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

A motion to alter or amend under Rule 59 must be filed within 28 days after entry of the judgment. FED. R. CIV. P. 59(e). That 28-day period expired on June 28, 2024, 28 days after entry of the May 31, 2024, Judgment Order. Deel's motion was filed December 30, 2024, six months after expiration of the deadline.

A motion for relief from judgment must be filed within a "reasonable time" after the judgment and must be based on one of the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or reversed; or (6) any other reason that justifies relief.  FED. R. CIV. P. 60(b).  Notwithstanding the broad language of Rule 60(b)(6), the courts have held that a litigant must show *extraordinary circumstances* to justify relief under this section.  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

Deel has not alleged any grounds for re-opening his case, nor is the court aware of any argument that could be made.  The court dismissed Deel's original complaint on the pleadings, with no input from any defendant, because none of the claims could move forward under the law.  The claims dismissed with prejudice, false arrest, Fifth Amendment violations, denial of counsel, and negligence, on the facts alleged, did not state a claim for which relief could be granted under § 1983, and no amendment could save those claims.  There was no error in the court's judgment.  The remaining claims that were dismissed without prejudice can be filed in a new lawsuit now that the criminal action against him has been nolle prossed.[1]  Therefore, no exceptional circumstances, equitable or otherwise, warrant the re-opening of this case, closed more than six months ago.

For the reasons stated, Deel's motion (ECF No. 8) is **DENIED**.  Further, because Deel violated Local Rule 8 by including the names and birthdates of minor children in his motion, the

---

[1] "Nolle pros," a shortened form of the Latin phrase "Nolle prosequi," refers to the Commonwealth's decision to drop charges.

Clerk is DIRECTED to place the motion under seal until further order of the court. The Clerk shall mail a copy of this Opinion and Order to the plaintiff.

Enter: January 16, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

3